UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Rodney M. Hogan,

        Petitioner,                Court File No. 16-cv-3044 (SRN/LIB)

v.

                                    **REPORT AND RECOMMENDATION**

Warden T.J. Watson,

        Respondent.

This matter comes before the undersigned United States Magistrate Judge upon Petitioner Rodney M. Hogan's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Docket No. 1]. This case has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.

For reasons discussed herein, the Court recommends that the Petition for Writ of Habeas Corpus, [Docket No. 1], be **DENIED as moot** and this action be **DISMISSED with prejudice.**

I.     BACKGROUND AND STATEMENT OF FACTS

At the time Petitioner filed the present writ of habeas corpus he was incarcerated at the Federal Correctional Institute at Sandstone, Minnesota. (Petition, [Docket No. 1], at 2).

On March 28, 2014, Petitioner was convicted of distribution of heroin in violation of 21 U.S.C. §§ 841 (a)(1) and 841(b)(1)(C) in the United States Eastern District of Wisconsin, and he was sentenced to a ninety-six (96) month term of imprisonment. (Id.; Declaration of Misty Jones, [Docket No. 9], at ¶ 4). On November 1, 2014, Petitioner was resentenced to an eighty (80) month term of imprisonment followed by a three year term of supervision. (Petition, [Docket No.

1], at 2; Jones Decl., [Docket No. 9], at ¶ 4). Petitioner, through time served and good conduct credit, has a projected release date of June 24, 2017. (Jones Decl., [Docket No. 9], at ¶ 4).

On November 4, 2015, unit team staff reviewed Petitioner for prerelease Residential Reentry Center (RRC) placement, and recommended to the warden that Petitioner be placed for prerelease RRC placement on December 24, 2016, resulting in 180 days in the RRC. (Petition, [Docket No. 1], at 5; Jones Decl., [Docket No. 9], Exhibit at B at 2). On November 5, 2015, the unit manager approved the RRC placement determination that Petitioner should be placed in the RRC for 180 days. (Jones Decl., [Docket No. 9], Exhibit at B at 2). Petitioner was notified of the determination that same day. (Id.).

On September 12, 2016, Petitioner filed the present writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Docket No. 1]. Petitioner argues that "[t]he Federal Bureau of Prison[s'] (FBOP) decision to limit [him] to only six months of 'Residential Reentry Center' time is contrary to Federal law." (Petition, [Docket No. 1], at 4).

## II.    JURISDICTION

Petitioner seeks relief under 28 U.S.C. § 2241. Habeas corpus is the proper remedy for federal prisoners attacking the length or validity of their confinement. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996). "A petitioner may attack the execution of his sentence through § 2241 in the district where he is incarcerated . . . ." Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002).

At the time Petitioner filed the present petition, he was incarcerated at the Federal Correctional Institution at Sandstone, Minnesota. (Petition, [Docket No. 1], at 2). Petitioner challenges the Bureau of Prisoners' decision to limit Petitioner's time in the RRC to six months. (Id. at 4). Further, "the Courts of this Circuit, and District, have consistently recognized that a

prisoner may challenge his RRC placement under Section 2241." Tovey v. Cruz, No. 9-cv-508 (PAM/RLE), 2010 WL 391336, at *9 (D. Minn. Jan. 25, 2010).

Therefore, jurisdiction is proper under 28 U.S.C. § 2241.

### III. HOGAN'S PETITION FOR WRIT OF HABEAS CORPUS. [DOCKET NO. 1].

Article III of the United States Constitution allows Federal Courts to adjudicate only actual, ongoing cases or controversies. See, Am. United for Separation of Church and State v. Prison Fellowship Ministries, 509 F.3d 406, 420–21 (8th Cir. 2007). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate" and "[w]hen an action no longer satisfies the case or controversy requirement, the action is moot and a federal court must dismiss the action." Potter v. Norwest Mortgage, Inc., 329 F.3d 608, 611 (8th Cir. 2003) (quotations omitted).

The ongoing case-or-controversy requirement is no longer met if an event occurs, during the course of the proceedings, which precludes the court from granting any meaningful relief to the party who initiated the action. See, In re Sec. Life Ins. Co. of Am., 228 F.3d 865, 869–70 (8th Cir. 2000) (citing In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1310 (8th Cir. 1996) ("The existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of federal courts . . . . [I]f during the pendency of an appeal, an event occurs which destroys the court's ability to render the prevailing party any effectual relief whatever, the appeal must be dismissed as moot.") (citations and quotations omitted)). If it becomes impossible for the court to provide any further redress for the claims that have been raised, the case must be dismissed as moot. See, Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) ("To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable decision.").

3

If a petitioner is challenging his criminal conviction, a writ of habeas corpus is not automatically mooted upon his release from custody as habeas relief could still serve the purpose of eliminating some of the "collateral consequences that attached to the conviction as a matter of law." Spencer v. Kenma, 523 U.S. 1, 9 (1998) (citing Carafas v. LaVallee, 391 U.S. 234, 237 (1968)). Such "collateral consequences" include restrictions on the right to engage in certain types of businesses or professions, the right to vote, the right to own a gun, and the right to serve on a jury. See, Id. at 9. "However, a habeas petitioner cannot rely on the collateral consequences of his conviction to save his case from mootness if he is not actually challenging the validity of his conviction." Woodward v. Fondren, No. 8-cv-194 (ADM/JJK), 2008 WL 5214396, at *2 (D. Minn. Dec. 12, 2008).

In the present case, petitioner is not challenging the validity of his conviction. (See, Petition [Docket No. 1]). Instead, Petitioner is challenging the calculation of his RRC placement date, and he seeks to move that placement date forward in time as to allow him ten months in the RRC. (See, Id.). However, according to the dates provided in his Petition, [Docket No. 1], Petitioner has already been placed in the RRC at this time.[1] Accordingly, there is no effectual relief which the Court could grant Petitioner as he is already at the RRC, and he will remain there until his projected release date. Even if this Court found that Petitioner's petition had merit, there is not a meaningful benefit which this Court could provide. Therefore, Petitioner's petition is now moot because there is no longer any live case or controversy to be resolved in the present case. See, Miller v. Whitehead, 527 F.3d 752, 756 (8th Cir. 2008) (finding a § 2241 petition seeking release to RRC mooted by petitioner's transfer to the RRC); Simon v. LaRiva, No. 16-cv-1969 (ADM/KMM), 2016 WL 7972058, at *2–3 (D. Minn. Aug. 3, 2016), report and

---

[1] Moreover, according to the Bureau of Prisons' Inmate Locator website, Petitioner is presently located at the Chicago Residential Reentry Center. See, Federal Bureau of Prisons Inmate Locator, http://www.bop.gov/inmateloc (searching Petitioner's Register Number 11234-089).

recommendation adopted, 2016 WL 4467891 (D. Minn. Aug. 22, 2016); Zegarac v. Nickrenz, No. 15-cv-2193 (PJS/TNL), 2015 WL 4396852, at *2 (D. Minn. July 17, 2015); Sobie v. Morrison, No. 6-cv-1149 (RHK/JSM), 2006 WL 2439099, at *1 (D. Minn. Aug. 22, 2006) (finding habeas petitioner's request for early placement in RRC moot after petitioner was transferred to a halfway house where he would remain until projected release date); see also, Gore v. Fondren, No. 7-cv-4425 (ADM/RLE), 2008 WL 4787652, at *4 (D. Minn. Oct. 31, 2008) (dismissing as moot habeas corpus petition where petitioner had been released from prison, and he was not challenging a conviction that would involve "collateral consequences").

As the present petition is now moot, the Court will not consider the merits of Petitioner's claims or render any opinion on those claims as any "[s]uch opinion would be merely advisory and is not permitted under Article III." Walton v. Holinka, No. 7-cv-2121 (MJD/FLN), 2008 WL 495523, at *1 (D. Minn. Feb. 21, 2008); Doe v. Nixon, 716 F.3d 1041, 1051 (8th Cir. 2013) ("A federal court has no authority to give opinions upon moot questions or abstract proposition, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.").

Therefore, the Court recommends **DENYING as moot** Petitioner's Petition for a Writ of Habeas Corpus, [Docket No. 1], and **DISMISSING** Petitioner's claims **with prejudice**.

### III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Petition for a Writ of Habeas Corpus, [Docket No. 1], be **DENIED as moot** and this action be **DISMISSED with prejudice.**

Dated: June 19, 2017
s/Leo I. Brisbois
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

### N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).